**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EDITH C. ANDERSON,**

    **Plaintiff,**

v.	Case No.  8:08-CV-949-T-30MSS

**APEX FINANCIAL GROUP, INC. d/b/a
Apex Mortgage; COUNTRYWIDE HOME
LOANS, INC.,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Countrywide Home Loans, Inc.'s Motion to Strike Jury Demand (Dkt. 7). Countrywide requests that the Court strike Plaintiff's jury demand based upon the waiver of jury trial provision contained in paragraph 25 of the mortgage agreement, see Dkt. 7, Ex. A, entered into between Plaintiff and Defendants. The Court, having considered Countrywide's arguments and being otherwise advised in the premises, finds that Countrywide's motion should be granted.

## Background

On February 27, 2008, Plaintiff filed suit in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, against Defendants alleging violations of the Truth in Lending Act, see 15 U.S.C. § 1601, and a state law claim of false and misleading advertisement. In her complaint, Plaintiff contends that Defendants violated the TILA during the origination of the mortgage loan by failing to provide accurate numeric disclosures concerning finance charges

and notice of her right to rescind (Dkt. 2 ¶¶ 24-28). Countrywide was served on May 8, 2008. Apex has, to date, not been served.

Citing subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(b), Countrywide filed a notice of removal to this Court on May 16, 2008. Countrywide filed its answer and affirmative defenses to the complaint and the instant motion to strike Plaintiffs' demand for a jury trial on June 6, 2008 (Dkts. 6 and 7). Plaintiff has not opposed Countrywide's motion.[1]

## Discussion

Countrywide argues that Plaintiff's request for a jury trial should be stricken because the mortgage contains a jury trial waiver provision. The jury trial waiver provision, the last numbered paragraph of the mortgage document, found at the top of page eleven thereof, see Dkt. 7, Ex. A, provides as follows:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Dkt. 1, Ex. A). According to Countrywide, the waiver was conspicuously set forth, separately enumerated, and unambiguous and is enforceable against Plaintiff.[2]

---

[1] A Notice of Filing Notice of Removal to Federal Court was served on Plaintiff on May 14, 2008 (Dkt. 1, Ex. C). Plaintiff has not, however, made an appearance before this Court in this matter. On June 23, 2008, the Court entered an order directing Plaintiff to, within eleven days thereof, file a response to Countrywide's motion or show cause in writing why the Court should not consider said motion without a response from Plaintiff (Dkt. 8). See Local Rule 3.01(b) (2008). To date, Plaintiff has not complied with said order.

[2] The Court notes that the jury trial waiver provision was conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last numbered paragraph of a relatively short document, and as such, it cannot be considered to be hidden within the document, and (4) it states in clear and unambiguous language that Plaintiff is waiving her right to a jury trial. See, e.g., Perez v. Saxon Mortgage Services, Inc., 2006 WL 2868938, at *3 (M.D. Fla. Oct 6, 2006); Belin v. Litton Loan Serving, LP, 2006 WL 2061340,
(continued...)

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amd. VII. As the Supreme Court has noted, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990). However, it is well established that a party may waive its right to a jury trial if the waiver is knowing and voluntary. See Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006) (citations omitted). In determining whether a party has knowingly and voluntarily waived its right to a jury trial, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." Id. at 824 (citations omitted).

The Eleventh Circuit has not ruled on the issue of which party has the burden of proving that the waiver was or was not given knowingly and voluntarily. See id. at 824, n.1. In the instant case, the Court does not need to determine who has the burden because even if the burden is on Countrywide to prove the validity of the waiver, Plaintiff must come

---

[2](...continued)
at *1 (M.D. Fla. July 17, 2006); Mellon Bank, 1993 WL 281111, at *12 (finding waiver provision in seven page document that was in the same typeface as every other clause to be conspicuous); Allyn v. Western United Life Assurance Co., 347 F. Supp.2d 1246,1252-53 (M.D. Fla. 2004) (finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straight forward, understandable language).

forward with some proof that calls into question whether the waiver was knowingly and voluntarily, see Mellon Bank, N.A. v. Miglin, 1993 WL 281111, at *11 (N.D. Ill. April 29, 1993), and Plaintiff has not done so.

## CONCLUSION

The Court finds that Countrywide has shown that Plaintiff waived her right to a jury trial for her claims against Countrywide. Accordingly,

It is **ORDERED** and **ADJUDGED** that Countrywide Home Loans, Inc.'s Motion to Strike Jury Demand (Dkt. 7) is **GRANTED**, and the Court strikes Plaintiff's demand for a jury trial for claims against Countrywide.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-949 Motion to Strike Jury Demand.frm