## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EDITH C. ANDERSON,**

    **Plaintiff,**

**v.**                                             **Case No. 8:08-cv-949-T-30MSS**

**APEX FINANCIAL GROUP, INC.**
**d/b/a Apex Mortgage,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 11). Defendants have not filed a response in opposition thereto. See Local Rule 3.01(b). The Court, having considered the motion and applicable statutes and being otherwise advised in the premises, determines that Plaintiff's Motion for Remand should be denied.

## Legal Standard

A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[D]istrict Courts have original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997) (citations omitted). Whether removal is proper depends on whether the case originally could have been filed in federal court. See Catepillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In a motion to remand, the

removing party bears the burden of establishing that removal is proper. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). In this Circuit, removal jurisdiction is construed narrowly, and any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party. Id.

**Discussion**

Plaintiff Edith C. Anderson ("Anderson") brought this action against Defendants Apex Financial Group, Inc. ("Apex") and Countrywide Home Loans, Inc. ("Countrywide") for violations of the federal Truth in Lending Act, 15 U.S.C. §1601, and for false and/or misleading advertisement in violation of Florida Statute in Florida state court. Countrywide removed the action to this court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b) before Apex was served in the state court action. Subsequently, Anderson filed a Notice of Voluntary Dismissal as to Countrywide (Dkt. 10). Apex has yet to be served.

Anderson now moves to remand this case to Florida state court claiming that "this court only acquired jurisdiction over the claims against Defendant Countrywide Home Loans, Inc." (Dkt., ¶2.) Because this case was removed under federal question jurisdiction, this court retains subject matter jurisdiction over the case. The voluntary dismissal of Defendant Countrywide does not eliminate this court's jurisdiction with respect to Apex.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion to Remand (Dkt. 11) is **DENIED**.

2.	Plaintiff has until September 16, 2008, four (4) months from the date this action was filed, to serve Defendant Apex Financial Group, Inc.

**DONE** and **ORDERED** in Tampa, Florida on September 4, 2008.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

*S:\Odd\2008\08-cv-949.deny remand.frm*